**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

CHRISTINE M.,

                Plaintiff,

                                                                                                              8:18-CV-1358

        v.                                                                                                            (DJS)

ANDREW M. SAUL,[1]
*Comm'r of Soc. Sec.*,

                Defendant.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| CONBOY, MCKAY LAW FIRM<br>Counsel for Plaintiff<br>307 State Street<br>Carthage, NY 13619 | LAWRENCE D. HASSELER,<br>ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REGIONAL GENERAL COUNSEL<br>REGION II<br>Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JUNE L. BYUN, ESQ. |

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is respectfully directed to amend the caption.

# DECISION and ORDER[2]

Currently before the Court, in this Social Security action filed by Christine M. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g) are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 8 & 9. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion for Judgment on the Pleadings is granted. The Commissioner's decision denying Plaintiff disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1980, making her 35 years old at the alleged onset date ("AOD") and 37 at the date of the ALJ's decision. Dkt. No. 7, Admin. Tr. ("Tr."), p. 82. Plaintiff reported completing the ninth grade. Tr. at pp. 34-35. Plaintiff has past work as a babysitter, certified nursing assistant, dishwasher, rehabilitations specialist, and stocker/cashier. Tr. at p. 167. Plaintiff alleged disability due to migraines/seizure, disorder/dyslexia, and PTSD. Tr. at p. 56.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on July 21, 2015. Tr. at pp. 144-153. Her application was denied. Tr. at pp. 84-

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

89. Plaintiff requested a hearing, and a hearing was held on November 21, 2017 before Administrative Law Judge ("ALJ") Bruce S. Fein at which Plaintiff was represented by counsel. Tr. at pp. 29-55. The ALJ issued a decision finding Plaintiff not disabled on January 31, 2018. Tr. at pp. 12-28. Plaintiff requested review of the ALJ's determination, and the Appeals Council denied the request for review on September 20, 2018. Tr. at pp. 1-6. Plaintiff filed her Complaint in this action on November 19, 2018. Dkt. No. 1.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following seven findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2018. Tr. at p. 18. Second, the ALJ found that Plaintiff did not engage in substantial gainful activity since the amended alleged onset date of July 21, 2016. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: migraine headaches, mood disorder, bipolar disorder, generalized anxiety disorder, posttraumatic stress disorder, major depressive disorder, and alcohol dependence. *Id.* Fourth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 19. Fifth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels. She retains the ability to perform simple and routine tasks, and interact appropriately with supervisors, co-workers, or the public. She should work in a low stress environment defined as occasional decision-making, changes in the work setting, and judgment required." Tr. at p. 20. Sixth, the ALJ found that

Plaintiff has no past relevant work. Tr. at p. 23. The ALJ found that Plaintiff was born on September 13, 1980 and was 35 years old, which is defined as a younger individual age 18-49 on the amended alleged disability onset date, and that she has a limited education and is able to communicate in English. *Id.* The ALJ found that transferability of job skills is not an issue because Plaintiff does not have past relevant work, and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Seventh, and last, the ALJ concluded that Plaintiff has not been under a disability from July 21, 2016, through the date of his decision. Tr. at p. 24.

### D. The Parties' Briefings on Their Cross-Motions

In her Motion for Judgment on the Pleadings, Plaintiff makes two arguments. Dkt. No. 8, Pl.'s Mem. of Law, *generally*. First, Plaintiff contends that it was error for the ALJ to determine that jobs exist in significant numbers in the national economy that Plaintiff can perform without the use of a vocational expert ("VE"). *Id.* at pp. 7-8. Plaintiff contends that she suffers from non-exertional limitations that significantly impact her ability to work, and that VE testimony was therefore required to establish whether there are jobs that she can perform. *Id.* Plaintiff also argues that it was error for the ALJ not to include in the RFC limitations from Plaintiff's migraines, which he found to be a severe impairment. *Id.* at pp. 8-10.

In response, Defendant contends that the ALJ accounted for Plaintiff's migraines in the RFC and in any event, utilized his discretion in determining Plaintiff's RFC. Dkt. No. 9, Def.'s Mem. of Law, pp. 5-11. Defendant further argues that the ALJ properly

- 4 -

relied on the Medical Vocational Guidelines ("Grids") in determining Plaintiff's ability to work, because the limitations identified in the RFC do not significantly erode the occupational base for unskilled work. *Id.* at pp. 12-14.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an

- 6 -

impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

**A. Whether the ALJ Erred in His Evaluation of Plaintiff's Migraines**

Plaintiff contends that the ALJ erred in failing to include limitations related to her migraines in the RFC. Pl.'s Mem. of Law at pp. 8-10. She contends that it was error for the ALJ to find migraines to be a severe impairment but to not include any related limitations in her RFC. *Id.* In addition, Plaintiff argues that the ALJ's statement that limitations due to migraines opined by Plaintiff's treating physicians were not based on objective tests was flawed because there are no definitive clinical tests available to diagnose migraines. *Id.* She further argues that substantial evidence demonstrates that Plaintiff's migraines would affect her time off task and her absenteeism, and would significantly erode her vocational options. *Id.*

The ALJ explained in his determination that he "accounted for [Plaintiff]'s migraine headaches by limiting her to simple work activity in a low stress setting." Tr. at p. 22. Assuming these limitations do not fully account for Plaintiff's impairments from migraines, Plaintiff's arguments on this point still fail. Initially, "an ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe is ultimately found not disabling: the standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (citation omitted). There is thus no inherent error in an ALJ's determination simply because an ALJ finds a plaintiff has a severe impairment, but does not assign corresponding functional limitations.

Plaintiff's argument that it was improper for the ALJ to rely on the lack of clinical findings in not assigning relevant limitations is also unpersuasive. The ALJ considered a variety of evidence in the record in giving the opinion of Dr. Mejico limited weight. Tr. at p. 21. The ALJ considered the lack of objective findings, as well as Plaintiff's ability to attend appointments, notes indicating Plaintiff was doing well on medication, and the lack of significant side effects from treatment; therefore, even if his consideration of a lack of clinical findings was in error, it would be harmless. *Id.*

Plaintiff asserts, without elaboration, that "[t]here is substantial evidence provided by Plaintiff's treating physicians demonstrating the severity of Plaintiff's migraines and additionally that she would suffer from migraines to such an extent that it would affect her time off task while at work as well as her absenteeism." Pl.'s Mem. of Law at p. 10. Here, the ALJ based his determination on the opinions of Dr. Melcher, a consultative

examiner, and Dr. Marks, a State Agency medical consultant. Tr. at p. 20. As described above, the ALJ assigned limited weight to the opinion of Dr. Mejico. Tr. at p. 21. The ALJ additionally explained that his findings were supported by the objective clinical and laboratory findings of record. Tr. at p. 22. He described that following Plaintiff's hospitalization in 2014 for migraine headaches, she did not report any resulting neurological sequelae; she benefitted from various treatments for her headaches, and denied any side effects from her medications, and some notes reported her as not experiencing headaches or as doing well. *Id.* The ALJ further explained that she has maintained a broad range of daily activities that is consistent with the established RFC, including attending to her personal needs, cooking, cleaning, doing laundry, going shopping, managing money, driving, and engaging in childcare for her children and grandchildren. Tr. at pp. 22-23. Plaintiff does not demonstrate that the ALJ's determination of the RFC is not supported by substantial evidence.

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153. The Court will not reweigh the evidence that was before the ALJ. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was

disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)). As such, Plaintiff's argument that substantial evidence would support a finding that her migraines significantly erode her vocational options is not compelling. The Court finds that the ALJ's consideration of Plaintiff's migraines does not warrant remand.

### B. Whether the ALJ Erred by Not Calling a Vocational Expert

Plaintiff contends that it was error for the ALJ not to call a VE in light of her non-exertional limitations. Pl.'s Mem. of Law at pp. 7-8. Plaintiff does not make a specific argument that those impairments significantly impact her ability to work, but rather simply states the legal proposition that "[w]hen a plaintiff suffers from non-exertional limitations that significantly impact her ability to work, Vocational Expert testimony is required to establish whether there are jobs in the national economy that she can perform." *Id.*

The ALJ found Plaintiff capable of a full range of work at all exertional levels; he determined that she "retains the ability to perform simple and routine tasks, and interact appropriately with supervisors, co-workers, or the public. She should work in a low stress environment defined as occasional decision-making, changes in the work setting, and judgment required." Tr. at p. 20. The ALJ acknowledged that Plaintiff's "ability to

perform work at all exertional levels has been compromised by nonexertional limitations," but found that "these limitations have little or no effect on the occupational base of unskilled work at all exertional levels." Tr. at p. 23. The ALJ described that,

> Social Security Ruling 85-15 provides, in pertinent part, that so long as an individual can perform the basic mental demands of competitive, remunerative, unskilled work, the individual may be found to be "not disabled." The SSR further provides that such basic mental demands include the abilities to understand, carry out and remember simple instructions; respond appropriately to supervision, coworkers and usual work situations; and deal with changes in a routine work setting.

Tr. at pp. 23-24; *see* Social Security Ruling 85-15, 1985 WL 56857 (S.S.A. Jan. 1, 1985). The ALJ found "the evidence establishes that the claimant has no significant limitations in the performance of these basic mental demands of work. Therefore, unskilled work can be performed, and testimony from a vocational expert is not necessary." Tr. at p. 24.

Indeed, "the mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines." *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986). Limiting a plaintiff to simple and routine tasks in a low stress environment does not significantly impact the ability of an individual to work who can otherwise perform a full range of work at all exertional levels. *See Fisk v. Colvin*, 2017 WL 1159730, at *7 (W.D.N.Y. Mar. 29, 2017) (finding that RFC to perform a full range of work at all exertional levels but limiting the plaintiff to jobs involving simple, routine, repetitive type tasks involving only occasional contact with others did not significantly diminish the plaintiff's work capacity); *Cross v. Astrue*, 2010 WL 2399379, at *14-15 (N.D.N.Y. May 24, 2010) (holding that the plaintiff's work capacity was not significantly diminished such that the ALJ was required to call a VE

- 11 -

where the RFC provided that the plaintiff could perform at all levels of exertion, and was limited to simple tasks and working in a low stress environment, and included some environmental limitations); *Whipple v. Astrue*, 2011 WL 1299352, at *4 & 11-12 (N.D.N.Y. Mar. 8, 2011) (applying Grids was appropriate where the RFC was for work at all exertional levels in a job involving simple tasks and allowing for a low stress environment).

The ALJ's decision not to call a vocational expert was therefore not in error and is not a basis to remand this matter.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: October 21, 2019
      Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge